318

EVANS, Regional Director, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD v. UNITED ELECTRICAL, RADIO & MACHINE WORKERS OF AMERICA et al

Civ. No. 354.

United States District Court
S. D. Indiana, Evansville Division.

Aug. 27, 1948.

Robert H. Denham, David P. Findling, Winthrop Johns, and Julius G. Serot, all of Washington, D. C., and Allen Sinsheimer, Jr., of Cincinnati, Ohio, for petitioner.

David Scribner and Arthur Kinoy, both of New York City, and Sydney L. Berger, of Evansville, Ind., for respondents.

BALTZELL, District Judge.

### Special Findings of Fact

Pursuant to Rule 52 of the Rules of Civil Procedure, 28 U.S.C.A., the Court now states its Special Findings of Fact, as follows, to-wit:

I That the petitioner is the Regional Director of the Ninth Region of the National Labor Relations Board (herein called the Board); that the respondents United Electrical, Radio and Machine Workers of America and Local 813 of the United Electrical, Radio and Machine Workers of America are unincorporated associations and labor organizations engaged in promoting and protecting the interests of their employee members within this judicial district; that this Court has jurisdiction of these proceedings and of these respondents under Section 10(*l*) of the National Labor Relations Act, as amended June 23, 1947, 29 U.S.C.A. § 160(*l*).

II That Bucyrus Erie Company (herein called Bucyrus Erie) is a corporation incorporated under the laws of Delaware with its principal office in South Milwaukee, Wisconsin; that it is engaged in the manufacture of excavating equipment; that it maintains and operates a plant at Evansville, Indiana; that it is engaged in commerce within the meaning of Section 2 and subsections (6) and (7) of the National Labor Relations Act as amended June 23, 1947, 29 U.S.C.A. § 152(6, 7).

III That Ryan Construction Corporation (herein called Ryan) is a corporation incorporated under the laws of Indiana with its principal offices at Evansville, Indiana; that it is generally engaged in construction work; that it is engaged in commerce within the meaning of Section 2 and subsections (6) and (7) of the National Labor Relations Act, 29 U.S.C.A. § 152(6, 7).

IV That on or about August 5, 1948, Ryan filed a charge with the Board alleging that respondents had engaged in and are engaging in unfair labor practices within the meaning of Section 8, subsection (b) (4) (A) of the National Labor Relations Act, as amended June 23, 1947, 29 U.S.C.A. § 158(b) (4) (A); that this charge was re-

ferred to the petitioner for investigation, and that the petitioner investigated the charge; that after investigation the petitioner had reasonable cause to believe that the following is true:

(a) That on or about April 28, 1948, Bucyrus Erie placed an order with Ryan for the construction of a building on the premises of the existing Bucyrus Erie plant at Evansville, Indiana; that construction of the building by Ryan began in April, 1948; that a special gate was cut through the fence surrounding the Bucyrus Erie plant which gate was for the sole and exclusive use of Ryan's employees, equipment and materials; that the employees of Bucyrus Erie were instructed not to use and did not use the Ryan gate.

(b) That since on or about July 31, 1948, the respondents have engaged in a strike against Bucyrus Erie; that respondents have picketed all gates including the Ryan gate; that respondents have engaged in mass picketing at the Ryan gate by picketing with approximately ten to twenty pickets; that on two occasions respondents have locked the Ryan gate.

(c) That respondents have induced and encouraged the employees of Ryan and of Ryan's materialmen and subcontractors to engage in a concerted refusal to perform services for Ryan with the object of forcing Ryan to cease doing business with Bucyrus Erie.

V That as a result of the acts of the respondents, the employees of Ryan, because of their affiliation with other labor unions, have refused to pass the picket line at the Ryan gate, and consequently have refused to perform services for Ryan; that there is no dispute between Ryan and its employees.

VI That the actions of respondents constitute a secondary boycott the object of which is to force Ryan to cease doing business with Bucyrus Erie in violation of Section 8, subsection (b) (4) (A) of the National Labor Relations Act, 29 U.S.C.A. § 158(b) (4) (A); that respondents have offered no evidence of any intention to abandon or discontinue any of their aforementioned acts and conduct.

## Conclusions of Law

Upon the above and foregoing Special Findings of Fact the Court now states its Conclusions of Law as follows:

I That the equities are with the petitioner; that a temporary injunction should be issued pending final adjudication by the National Labor Relations Board of the matters involved herein, which injunction shall enjoin the respondents, their agents, servants, employees, attorneys and all persons in active concert or participation with the respondents from inducing or encouraging the employees of Ryan Construction Corporation, and the employees of materialmen and subcontractors doing business with Ryan Construction Corporation, to engage in a concerted refusal in the course of their employment to perform any services where the object thereof is to force or require Ryan Construction Corporation to cease doing business with Bucyrus Erie Company, and more particularly from the following:

(a) Picketing at or near the entrance of the premises of Bucyrus Erie Company in Evansville, Indiana, which entrance is used solely by Ryan Construction Corporation, its employees, and the employees of its materialmen and subcontractors;

(b) Engaging in mass picketing at said entrance;

(c) Locking the gate to said entrance;

(d) Any other like acts or conduct where the object is to force or require Ryan Construction Corporation to cease doing business with Bucyrus Erie Company.

## Decree

This cause coming on now to be heard by the Court, and the parties appearing by their respective attorneys, and the Court having heard the evidence and the argument of counsel and being sufficiently advised in the premises, now, pursuant to Rule 52 of the Rules of Civil Procedure, 28 U.S.C.A., signs and files herein its Special Findings of Fact and states its Conclusions of Law thereon, which said Special

Findings of Fact and Conclusions of Law are ordered by the Court filed and made a part of the record in this cause, all of which is now done.

It Is Therefore Ordered, Adjudged and Decreed by the Court:

I That the respondents, their agents, servants, employees, attorneys and all persons in active concert or participation with the respondents be, and they are, hereby enjoined, pending final adjudication by the National Labor Relations Board of the matters involved herein, from inducing or encouraging the employees of Ryan Construction Corporation, and the employees of materialmen and subcontractors doing business with Ryan Construction Corporation, to engage in a concerted refusal in the course of their employment to perform any services where the object thereof is to force or require Ryan Construction Corporation to cease doing business with Bucyrus Erie Company, and more particularly from the following:

(a) Picketing at or near the entrance of the premises of Bucyrus Erie Company in Evansville, Indiana, which entrance is used solely by Ryan Construction Corporation, its employees, and the employees of its materialmen and subcontractors;

(b) Engaging in mass picketing at said entrance;

(c) Locking the gate to said entrance;

(d) Any other like acts or conduct where the object is to force or require Ryan Construction Corporation to cease doing business with Bucyrus Erie Company.

II That in the event employees of Bucyrus Erie Company, in the course of their employment, use the entrance to the premises of Bucyrus Erie Company, which entrance is used solely by Ryan Construction Corporation, the respondents may apply to this Court, upon five days written notice to petitioner, for such relief as may be proper.